The People of the State of Illinois ex rel. Joseph H. Macauley, Appellee, v. James H. Burdette et al., Appellants.

Gen. No. 22,902.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 9, 1917.

## Statement of the Case.

Certiorari by the People of the State of Illinois on the relation of Joseph H. Macauley, petitioner, against James H. Burdette and others, constituting the State Civil Service Commission, respondents, to review the action of respondents in ordering relator's discharge from service as a clerk in the State grain inspection office on the charge ''that in violation of Rule No. 4, Section No. 10, of the State Civil Service Commission, he was seeking the office of assessor in the Town of Berwyn, in the County of Cook, State of Illinois, at the election to be held April 7, 1914.'' From the quashing of the record of respondents' proceedings shown by their return to the writ, respondents appeal.

JOHN J. POULTON, for appellants.

GIDEON S. THOMPSON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1.  CIVIL SERVICE, § 10*—*what capacity commission acts in.* The State Civil Service Commission acts as an inferior tribunal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Burdette, 207 Ill. App. 365.

2. CIVIL SERVICE. § 16*—*what presumption does not arise as to jurisdiction of commission.* The jurisdiction of the State Civil Service Commission will not be presumed, but it must appear on the record.

3. CIVIL SERVICE, § 26*—*how jurisdiction of commission should be shown.* The jurisdiction of the Civil Service Commission should be shown in the return to a writ of certiorari to review its action in ordering the discharge of a clerk in the State grain inspection office, on the ground that he was seeking an office in violation of a rule of the commission.

4. CIVIL SERVICE, § 26*—*when return of commission to writ of certiorari is insufficient to show jurisdiction.* A return of the State Civil Service Commission to a writ of certiorari sued out to review the commission's action in ordering the discharge from service of a·clerk in the State grain inspection office, which merely recites the filing of a charge "that in violation of Rule No. 4, Section No. 10, of the State Civil Service Commission, he is seeking the office of assessor in the Town of Berwyn, in the County of Cook, State of Illinois, at the election to be held April 7, 1914," without setting forth such rule, or what it prescribes, and also recites the serving of relator with notice of the hearing, the holding of the same, the commission's finding that the charge was proved, its order for petitioner's discharge, and its certification to the appointing officer with directions to enforce the order, is insufficient to show jurisdiction of the subject-matter of the commission's proceedings, and the quashing of the record of such proceedings is warranted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.